IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC LORENZO-VALMACEDA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 4:18-cr-00017-DN<br><br>District Judge David Nuffer |

Defendant Isaac Lorenzo-Valmaceda ("Lorenzo") filed a motion to dismiss ("Motion")[1] his indictment on grounds that the removal order underlying the charges against him is invalid. Because he is barred from collaterally attacking the removal order in this case, the Motion[1] is DENIED.

## BACKGROUND

Lorenzo is a citizen of Mexico who was admitted into the United States and given the status of lawful permanent resident. On February 8, 2012, the Department of Homeland Security served him with a Notice to Appear ("NTA"), charging him with being subject to removal under § 237(a)(2)(E)(i) of the Immigration and Nationality Act. Based on this charge, the NTA instructed him to appear before an immigration judge in Las Vegas, Nevada, on "a date to be set" and at "a time to be set" to show why he should not be removed from the United States.[2] This

---

[1] Docket no. 36 ("Motion"), filed November 16, 2018; *see* United States' Response in Opposition to Defendant's Motion to Dismiss Indictment, docket no. 41, filed December 14, 2018; Defendant's Reply in Support of Motion to Dismiss, docket no. 48, filed January 9, 2019; Supplemental Memorandum in Support of Motion to Dismiss, docket no. 56, filed January 16, 2019; United States Notice of Supplemental Authority, docket no. 57, filed February 8, 2019; Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 55, filed January 14, 2019.

[2] Notice to Appear ("NTA"), docket no. 41-1, at 2.

hearing, the NTA explained, would not be set until at least 10 days after the date of the NTA, unless Lorenzo requested otherwise, and a separate hearing notice would be mailed to him.[3]

Upon receiving the NTA, Lorenzo executed a written Request for Prompt Hearing, which read: "To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge."[4]

On February 22, 2012, a separate Notice of Hearing was mailed to Lorenzo, informing him that the removal hearing was scheduled to be held at a specified location at 8:00 a.m. on March 7, 2012.[5]



He received this notice and attended the hearing with counsel. At the conclusion of the hearing, the immigration judge ordered his removal to Mexico.[6] Although Lorenzo had 30 days

---

[3] *Id.* at 3.

[4] *Id.*

[5] Notice of Hearing, docket no. 41-2, at 2.

[6] Order of the Immigration Judge, docket no. 41-3, at 2.

to appeal this order, he chose not to appeal. As a result, on April 10, 2012, he was physically removed from the United States.[7]

Following his removal, Lorenzo reentered the United States. He was indicted on April 4, 2018, for unlawful reentry under 8 U.S.C. § 1326.[8]

Although the motion deadline in this case expired April 27, 2018,[9] Lorenzo waited until November 16, 2018, to file this Motion, which for the first time challenged the validity of the removal order based on the NTA's alleged deficiencies.

## DISCUSSION

Lorenzo argues that the immigration court never had jurisdiction over him because the NTA did not specify a date and time for his removal hearing. He claims that the subsequent removal order was therefore invalid, and that consequently the government cannot now prove that he was removed under an order that comports with due process.[10]

As a preliminary matter, even though the NTA failed to specify a date and time for the removal hearing, "the immigration court was properly vested with jurisdiction."[11] Lorenzo argues that the Supreme Court's decision in *Pereira v. Sessions*[12] requires that an NTA must include the date and time of the removal hearing, but "[t]hat argument fails."[13] *Pereira*'s "narrow

---

[7] Motion, *supra* note 1, at 2.

[8] *Id.* at 4.

[9] Minute Entry for Proceedings Held Before Magistrate Judge Evelyn J. Furse, docket no. 6, entered April 6, 2018.

[10] *See* Motion, *supra* note 1, at 2-4.

[11] *Alderete-Lopez v. Whitiker*, No. CIV 18-114, 2018 WL 6338420, *24 (D.N.M. Dec. 5, 2018); *see* 8 C.F.R. § 1003.18(b).

[12] 138 S. Ct. 2105 (2018).

[13] *Alderete-Lopez*, 2018 WL 6338420, * 25.

3

holding does not require a NTA to include the date and time of a noncitizen's pending removal proceeding to vest the immigration court with jurisdiction over the proceeding."[14]

Although the government has the burden of proving beyond a reasonable doubt all elements of the charges against Lorenzo, there is a rebuttable presumption that the order of removal in the immigration proceeding was valid.[15] To overcome this presumption, Lorenzo has the burden of proving that: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) the proceeding in "which the order was issued improperly deprived [him] of the opportunity for judicial review"; *and* (3) "entry of the order was fundamentally unfair."[16]

Lorenzo cannot rebut the presumption of the order's validity because:

(1) He did not exhaust administrative remedies that were available to seek relief against that order. Specifically, he was given the opportunity to file an appeal in the immigration proceeding but chose not to do so.

(2) The proceeding in which the order of removal was issued did not deprive him of the opportunity for judicial review. Again, he was given the opportunity to file an appeal but chose not to do so.

---

[14] *Id.*; *see United States v. Chavez*, No. 2:17-cr-40106 *5-6 (D. Kan. Nov. 21, 2018) (rejecting the argument that "an immigration court can be divested of [either] subject-matter jurisdiction [or personal jurisdiction] because of a defective notice to appear," and holding that "*Pereira* has no effect on § 1326(d)'s strict requirements"); *see also United States v. Ferman*, No. 2:18-cr-2739, 2019 WL 118415, *5-6 (D.N.M. Jan. 7, 2019).

[15] *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010).

[16] 8 U.S.C. § 1326(d).

(3) He has failed to establish that entry of the order was fundamentally unfair. That is, he has failed to show that entry of the order violated his due process[17] rights *and* resulted in prejudice to him.[18] It is undisputed that he received subsequent written notice of the hearing, attended and participated in the hearing, was represented by counsel at the hearing, and was allowed to appeal but chose not to. Under these circumstances, any alleged deficiency in the NTA was harmless, cured, and "provides an insufficient basis to invalidate the removal order."[19]

Because Lorenzo cannot rebut the presumption of the removal order's validity, he is statutorily barred from challenging its validity in this case, and the Motion[20] will be denied.

# ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[20] is DENIED.

IT IS FURTHER HEREBY ORDERED that this case is reset for a two-day jury trial at 8:00 a.m. on Monday, March 25, 2019, in Courtroom 7.300, at the United States Courthouse, 351 S. West Temple, Salt Lake City, Utah. The time between the filing of the Motion[20]

---

[17] The essence of due process is notice of a charge and the opportunity to be heard. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984). Lorenzo received both of these in the immigration proceeding.

[18] *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1204 (10th Cir. 2004). Prejudice in this context is a "reasonable likelihood that, but for the errors complained of, [the alien] would not have been deported." *Id.* at 1208. There is no evidence of prejudice to Lorenzo in relation to the NTA.

[19] *Briones-Herrera*, No. CR-18-214, 2018 WL 5315211, *3 (W.D. Okla. Oct. 26, 2018); *see United States v. Hernandez-Valasco*, No. CR-18-82, 2018 WL 5622285, *3 (W.D. Okla. Oct. 30, 2018); *United States v. Larios-Ajualat*, No. 18-10076, 2018 WL 5013522, *7 (D. Kan. Oct. 15, 2018); *United States v. Lira-Ramirez*, No. 18-10102, 2018 WL 5013523, *7 (D. Kan. Oct. 15, 2018); *United States v. Munoz-Alvarado*, No. CR-18-171, 2018 WL 4762134, *1-2 (W.D. Okla. Oct. 2, 2018); *United States v. Ibarra-Rodriguez*, No. CR-18-190, 2018 WL 4608503, *2 (W.D. Okla. Sept. 25, 2018).

[20] Docket no. 36, filed November 16, 2018.

(November 16, 2018) and the new trial date (March 25, 2019) is excluded from Lorenzo's speedy trial computation for good cause.

Signed February 14, 2019.

BY THE COURT:

David Nuffer
United States District Judge